```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

GUILD MORTGAGE COMPANY,        )    CIVIL 13-00398 LEK-BMK
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
MARGARITA AQUINO BUCCAT;       )
BENEFICIAL FINANCIAL I INC;    )
JOHN DOES 1-10; JANE DOES 1-   )
10; DOE PARTNERSHIPS 1-10;     )
DOE CORPORATIONS 1-10; DOE     )
ENTITIES 1-10 AND DOE          )
GOVERNMENTAL UNITES 1-10,      )
                               )
          Defendants.          )
_____)
```

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAI`I**

Before the Court is Plaintiff Guild Mortgage Company's ("Guild Mortgage") Motion to Remand Action Removed from the Circuit Court of the First Circuit, State of Hawai`i ("Motion"), filed on August 26, 2013.[1]  [Dkt. no. 5.]  Defendant Margarita Aquino Buccat ("Buccat") did not file a response to the Motion.  On October 4, 2013, Guild Mortgage filed a reply, noting Buccat's failure to respond.  [Dkt. no. 19.]  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").

---

[1] Guild Mortgage also filed a supplement to the Motion ("Supplement") on September 24, 2013.  [Dkt. no. 17.]

After careful consideration of the Motion and the relevant legal authority, Guild Mortgage's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

On August 13, 2013, Buccat, who was proceeding pro se at the time,[2] filed a document titled "Notice of Removal and Consolidation of Civil Action to United States District Court Under 28 USC §1332, 1441, and 1446 (Diversity) Civil RICO and Other Federal Issues Including Violation of Constitutional Rights Under 14th Amendment" ("Notice of Removal"). [Dkt. no. 1.] The action Buccat attempts to remove is a foreclosure proceeding. [Transmittal of Documents from the Circuit Court of the First Circuit, State of Hawai`i ("State Court Transmittal"), filed 9/27/13 (dkt. no. 18-6), First Amended Complaint filed 5/31/12.]

The Notice of Removal alleges that there is diversity jurisdiction and that the removal was timely because Buccat "has not been properly served and jurisdiction has being [sic] questioned[.]" [Notice of Removal at ¶¶ 2-3.] Buccat asserts that the amount in controversy exceeds $75,000, excluding interest and costs, and there is diversity of citizenship because Guild Mortgage is not a Hawai`i citizen and she is a Hawai`i citizen. [Id. at ¶¶ 4-7.] Buccat also asserts that there is

---

[2] Roger Dewa, Esq., now represents Buccat. [Appearance of Counsel, filed 9/3/13 (dkt. no. 9).]

federal question jurisdiction because the is a federal question as to whether Guild Mortgage has standing to foreclose on Buccat's loan and because Guild Mortgage's attempt to foreclose without standing violates her due process rights under the Fourteenth Amendment.  [Id. at ¶¶ 12, 14.]  Buccat alleges that the federal question is based upon issues "surrounding the construction of the Pooling and Service Agreement [("PSA")] of GUILD MORTGAGE COMPANY, which has not been construed by any court of law, state or federal."  [Id. at ¶ 11 (emphasis in original).]  The documents that Buccat asserts gave rise to removal jurisdiction are: Guild Mortgage's Motion for Confirmation of Sale by Commissioner, filed in the state court on July 15, 2013 ("Confirmation Motion"); and the First Amended Notice of Hearing for the Confirmation Motion, filed in the state court on July 29, 2013.  [Notice of Removal, Exhibits.[3]]  The hearing on the Confirmation Motion was scheduled for August 15, 2013.  According to Guild Mortgage, after Buccat filed her Notice of Removal, the state court continued the hearing on the Confirmation Motion until moved upon.  [Mem. in Supp. of Motion at 2.]

## STANDARD

A plaintiff may file a motion for remand to challenge the removal of an action from state court to federal court.  The

---

[3] Buccat did not number or otherwise identify the exhibits attached to the Notice of Removal.

removal is proper under 28 U.S.C. § 1441(a) as long as the plaintiff could have brought the action in federal court. Courts, however, strictly construe § 1441 against removal, and they resolve any doubts about the propriety of removal in favor of remanding the case to state court. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006). The party seeking to remove the case bears the burden of establishing the existence of federal jurisdiction. Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

## DISCUSSION

In the instant Motion, Guild Mortgage asserts two grounds for remand: the removal is untimely; and the removal is improper in light of the "forum defendant rule." This Court agrees with both arguments.

### I.   Timeliness of Removal

28 U.S.C. § 1446(b) states, in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" Guild Mortgage filed this action on May 11, 2012. [State Court Transmittal, (dkt. no. 18-6), Complaint.] Guild Mortgage filed a Return and Acknowledgment of Service in the state court on June 12, 2012, indicating that Buccat was served

with the First Amended Complaint on June 6, 2012. [Id., (dkt. no. 18-8).]  Buccat signed the Acknowledgment of Service as "Margarita Culbengan," noting that was her new last name.[4]  [Id. at 2.]

Insofar as Buccat failed to remove the action within thirty days after service of the First Amended Complaint, the removal is untimely.  Although Buccat contends that she was not properly served, [Notice of Removal at ¶ 2,] she has not identified any evidence that would rebut the Return and Acknowledgment of Service, which establishes proper service on Buccat on June 6, 2012.  In fact, Buccat failed to oppose the instant Motion, and thus has not identified any arguments in defense of her removal of this action.  This Court therefore concludes that Buccat failed to carry her burden of proving federal jurisdiction.  See Lockyer, 375 F.3d at 838.

---

[4] Buccat and Defendant Beneficial Financial Inc. failed to answer the First Amended Complaint, and the state court entered default against them on September 24, 2012.  [State Court Transmittal, (dkt. no. 18-9).]  On December 10, 2012, the state court granted Guild Mortgage's motion for default judgment, summary judgment, and decree of foreclosure, and entered judgment.  [Id., (dkt. nos. 18-12), motion; id., (dkt. no. 18-13), order granting motion.]  On May 28, 2013, the state court granted the foreclosure commissioner's Motion for Leave to Sell Property Without Holding Open Houses on the ground that commissioner had been denied access to the property.  [Id., (dkt. no. 18-14), motion; id., (dkt. no. 18-16), order granting motion.]  The commissioner held a public auction on June 25, 2013.  A representative of Guild Mortgage placed the only bid on the property.  [Id., (dkt. no. 18-17), Commissioner's Report.]  The Confirmation Motion seeks confirmation of the sale of the property to Guild Mortgage.  [Id., (dkt. no. 18-18).]

Although this alone is a sufficient basis to grant the instant Motion, for the sake of completeness and because it is relevant to Guild Mortgage's request for removal-related expenses, this Court will also address Guild Mortgage's argument based on the "forum defendant rule."

## II. Forum Defendant Rule

To the extent that Buccat relied on diversity jurisdiction as the basis for removal, Guild Mortgage contends that the "forum defendant rule" precludes removal. 28 U.S.C. § 1441(b)(2) states that an action which is removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." The "forum defendant rule" therefore "confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state." Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939 (9th Cir. 2006) (citing 28 U.S.C. § 1332; 28 U.S.C. § 1441(b)).

Insofar as Buccat admits that she is a citizen of Hawai`i, [Notice of Removal at ¶ 5,] removal based on diversity jurisdiction is improper pursuant to the "forum defendant rule."

## III. Buccat's Other Arguments

The Notice of Removal also appears to allege that there is federal question jurisdiction, unrelated to Buccat's defense.

Buccat apparently asserts that she has federal law counterclaims against Guild Mortgage based on the construction of the PSA and based upon the alleged violation of her due process rights. [Id. at ¶¶ 11-12.]  The Ninth Circuit, however, has clearly held that "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question . . . ." Takeda v. Nw. Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (citations and quotation marks omitted).  "A case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." Id. at 821 (some citations omitted) (citing Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-12, 103 S. Ct. 2841, 2846-2848, 77 L. Ed. 2d 420 (1983)).  Guild Mortgage's First Amended Complaint does not allege a federal question.  This Court therefore concludes that removal on the basis of federal question jurisdiction was improper.

Although Buccat did not respond to the Motion, on September 16, 2013, she filed a motion titled "Motion to File Leave to Amend Notice of Removal" ("Motion to Amend").  [Dkt. no. 14.]  It states, "[p]ursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendant Margarita Buccat-Culbengan hereby respectfully moves the Court for leave to file an AMENDED COMPLAINT."  [Id. at 2 (emphasis in original).]  First, Buccat does not provide any basis for the proposed amendment, nor did

she submit the proposed amended document.  Cf. Local Rule LR10.3 ("Any party . . . moving to file an amended complaint, counterclaim, third-party complaint, or answer or reply thereto shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").  Insofar as the Motion to Amend refers to an amended complaint, Buccat does not have a complaint or counterclaim to amend.  Insofar as Buccat seeks leave to amend her Notice of Removal, for the reasons stated above, no amendment to the Notice of Removal would cure the defects identified in this Order.  Buccat's Motion to Amend is therefore DENIED.

**IV.  Request for Removal Expenses**

In the Supplement, Guild Mortgage requests an award of removal-related expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c), which states, in pertinent part: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  A district court "should award attorney's fees and costs under § 1447(c) 'only where the removing party lacked an objectively reasonable basis for seeking removal.'"  Otay Land Co. v. United Enters. Ltd., 672 F.3d 1152, 1157 (9th Cir. 2012) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005)).

This Court finds that Buccat lacked an objectively reasonable basis for removal because: Buccat filed the Notice of Removal well beyond the thirty-day filing period after service of the First Amended Complaint; the removal violated the well-established "forum defendant rule"; and, after Guild Mortgage filed the instant Motion, Buccat failed to raise any reasonable argument in defense of the removal.  Rather, it appears that Buccat's removal served only to delay the resolution of this case in the state court.[5]  See Martin, 546 U.S. at 140 ("The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.").  This Court therefore GRANTS Guild Mortgage's request for removal-related expenses.

Guild Mortgage's Supplement includes a Declaration of Counsel, with exhibits, describing the expenses which Guild Mortgage argues it reasonably incurred in connection with the removal.  If Buccat disputes the reasonableness of the requested award, she may file an opposition to the amount of the award only.  Buccat must file her opposition by no later than **October 31, 2013**.  This Court will thereafter issue an order

---

[5] This Court also notes that, at the Rule 16 Scheduling Conference, the magistrate judge gave counsel one week to stipulate to remand the case. [Minutes, filed 9/16/13 (dkt. no. 13).]  Guild Mortgage, however, states that Buccat refused to stipulate to a remand. [Supplement, Decl. of Counsel at ¶ 8.]

addressing the amount of the award.

## CONCLUSION

On the basis of the foregoing, Guild Mortgage's Motion to Remand Action Removed from the Circuit Court of the First Circuit, State of Hawai`i, filed August 26, 2013, is HEREBY GRANTED.  Buccat's Motion to File Leave to Amend Notice of Removal, filed September 16, 2013, is HEREBY DENIED.

Guild Mortgage's request for removal-related expenses is HEREBY GRANTED.  Buccat shall file any opposition to the amount of the requested award by no later than **October 31, 2013**. This Court will thereafter issue an order addressing the amount of the award.

This Court HEREBY REMANDS this action to the First Circuit Court.  This Court DIRECTS the Clerk's Office to transmit a certified copy of this order to clerk of the First Circuit Court.  This Court retains jurisdiction solely for the purposes of determining the amount of the award of removal-related expenses.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 16, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GUILD MORTGAGE COMPANY VS. MARGARITA AQUINO BUCCAT, ET AL; CIVIL NO. 13-00398 LEK-BMK; ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION REMOVED FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT, STATE OF HAWAI`I**