IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GUILD MORTGAGE COMPANY, | ) | CIVIL 13-00398 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MARGARITA AQUINO BUCCAT; | ) | |
| BENEFICIAL FINANCIAL I INC; | ) | |
| JOHN DOES 1-10; JANE DOES 1- | ) | |
| 10; DOE PARTNERSHIPS 1-10; | ) | |
| DOE CORPORATIONS 1-10; DOE | ) | |
| ENTITIES 1-10 AND DOE | ) | |
| GOVERNMENTAL UNITES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### ORDER AWARDING PLAINTIFF'S ATTORNEYS' FEES

On October 17, 2013, this Court issued an order granting Plaintiff Guild Mortgage Company's ("Guild Mortgage") Motion to Remand Action Removed from the Circuit Court of the First Circuit, State of Hawai`i, filed on August 26, 2013 ("Motion to Remand" and "10/17/13 Order").[1] [Dkt. nos. 5 (Motion to Remand), 21 (10/17/13 Order).[2]] The 10/17/13 Order remanded the case to the state court and granted Guild Mortgage's request for removal-related expenses pursuant to 28 U.S.C. § 1447(c).

Guild Mortgage requests $3,347.53 in removal-related attorneys' fees and costs. [Supplement at 4.] The 10/17/13

---

[1] Guild Mortgage also filed a supplement to the Motion ("Supplement") on September 24, 2013. [Dkt. no. 17.]

[2] The 10/17/13 Order is also available at 2013 WL 5675540.

Order gave Defendant Margarita Aquino Buccat ("Buccat") until October 31, 2013 to file an opposition to the amount of the award.  2013 WL 5675540, at *4.  Buccat did not file a response to either the Motion to Remand or the amount of the request for attorneys' fees.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the fee request and the relevant legal authority, this Court HEREBY AWARDS Guild Mortgage $2,604.40 in removal-related attorneys' fees and $9.50 in removal-related costs, for a total award of $2,613.90.

### DISCUSSION

The only issue remaining before this Court is the amount of the § 1447(c) award of removal-related expenses.  Guild Mortgage requests $3,333.63 in attorneys' fees, plus tax, and $13.90 in costs.

### I.   Attorneys' Fees

Federal courts generally determine reasonable attorneys' fees based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Id. at 433.  Second, the court must decide whether

2

to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent, may not be considered in the lodestar calculation.  See Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).  A party seeking attorneys' fees bears the burden of proving that the requested fees are associated with the relief requested and

3

are reasonably necessary to achieve the results obtained.  See
Tirona v. State Farm Mut. Auto. Ins. Co., 821 F. Supp. 632, 636
(D. Hawai`i 1993) (citations omitted).

        Guild Mortgage's counsel, Mary Martin, Esq., requests
$200 per hour for sixteen hours of work related to removal and
remand process.  Ms. Martin has been licensed to practice law in
Hawai`i for over twenty years.  This Court finds that $200 per
hour is manifestly reasonable for an attorney with Ms. Martin's
experience.

        Ms. Martin states that she worked 10.0 hours associated
with the removal and remand process as of September 19, 2013.
[Supplement, Decl. of Counsel at ¶ 9, Exh. A.]  She also requests
an estimated 2.0 hours to prepare the Supplement and an
additional 4.0 hours to "respond[] to any opposition to the
[Motion to Remand] and the hearing on October 21, 2013."  [Id.]
Buccat, however, did not file an opposition to the Motion to
Remand, and this Court vacated the hearing on the Motion to
Remand, which was originally scheduled for October 21, 2013.
Guild Mortgage filed a brief reply in support of the Motion to
Remand, reiterating its position and emphasizing Buccat's failure
to respond.  [Dkt. no. 19.]  This Court finds 0.5 hours to be
reasonable for the preparation of the reply and excludes the
remaining 3.5 hours estimated for the preparation of the reply
and attending the hearing that was vacated after the filing of

4

the Supplement.  This Court finds that 12.5 hours is a reasonable amount for counsel's work associated with the removal and remand process.

This Court therefore FINDS that Guild Mortgage is entitled to the following award of reasonable removal-related attorneys' fees:

| Attorney | Rate | Hours | Subtotal |
|----------|------|-------|----------|
| Mary Martin | $200 | 12.5 | $2,500.00 |
| | 4.176% general excise tax | | $  104.40 |
| | | **GRAND TOTAL** | **$2,604.40** |

## II.  Costs

Guild Mortgage also requests $13.90 in removal-related costs, consisting of $11.00 for photocopies and $2.90 for postage.  [Supplement, Decl. of Counsel, Exh. B.]  The per page cost for the photocopies is $0.25, indicating that counsel made forty-four copies.  [Id.]  The practice of this district court, however, is to allow $0.15 per page for in-house photocopying.  See Local Rule LR54.2(f)(4).  This Court therefore finds $6.60 to be reasonable for photocopying costs.  This Court finds that the $2.90 for postage is manifestly reasonable.

This Court FINDS that Guild Mortgage is entitled to $9.50 in removal-related costs.

## CONCLUSION

On the basis of the foregoing, this Court HEREBY AWARDS Guild Mortgage $2,604.40 in removal-related attorneys' fees and $9.50 in removal-related costs, for a total award of $2,613.90. This Court ORDERS Defendant Margarita Aquino Buccat to pay this amount to Guild Mortgage's counsel by no later than **February 5, 2014.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, December 4, 2013.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**GUILD MORTGAGE COMPANY VS. MARGARITA AQUINO BUCCAT, ET AL.; CIVIL NO. 13-00398 LEK-BMK; ORDER AWARDING PLAINTIFF'S ATTORNEYS' FEES**